## SMITH v. ADSIT.

1. Where a complainant setting out a case in the highest State court, for equitable relief against a sale, which a third party had undertaken to make of land, alleged that the party in making the sale had violated an act of Congress, and that the sale was therefore null and void, and the State court dismissed the bill for want of jurisdiction; *held*, that although the question whether the sale was not a nullity might have been presented, yet that the case having been dismissed below for want of jurisdiction, it did not appear that a Federal question had been decided, much less that it had been decided adversely to the complainant.

2. Independently of this, whatever might have been the reasons for the decision, the question whether the State court had jurisdiction of the case, was a question exclusively for the State tribunals.

3. *Held*, accordingly, that no jurisdiction existed here in such a case under the 25th section of the Judiciary Act of 1789, or the act of February 5th, 1867, amendatory of it.

ON motion to dismiss, for want of jurisdiction, a writ of

error to the Supreme Court of the State of Illinois; the case being thus:

An act of Congress of February 11th, 1847, providing for raising a military force for a limited time, enacted that a bounty in the form of one hundred and sixty acres of land, to be located by the warrantee, should be given to soldiers honorably discharged, but provided "that all sales, mortgages, *powers*, or other instruments of writing going to affect the title or claim to any such bounty right, made or executed prior to the issue of the warrant or certificate, should be null and void to all intents and purposes whatsoever."

With this statute in force Smith filed a bill in one of the inferior State courts of Illinois, against Adsit, Wright, Rourk, and the trustees of schools of township thirty, in range six, in Grundy County, charging that in 1850, by conveyance from one Holmes, he became the owner of certain lands in the county of Grundy, particularly described. The bill averred that Holmes had been a soldier in the Mexican war, that he received a certificate of service and of honorable discharge, entitling him, under the acts of Congress, to a land warrant, and that he applied to Adsit to procure the warrant for him; that Adsit prepared the necessary papers, and at the same time made out a power of attorney for Holmes, authorizing the assignment of the land warrant about to be obtained, with blank spaces for its date, for the number and date of the warrant, and for the name of the attorney, and that he fraudulently induced Holmes to sign it; that this power of attorney was filled up subsequently, and after the land warrant was obtained, with the name of one Hoard as the attorney, with the number and date of the warrant issued (No. 23,129, date August 18th, 1848), and with August 30th, 1848, as the date of the power. The bill further charged that Adsit then procured the attorney to assign the warrant to him, that he located it and obtained for the land a patent in his own name, as assignee of Holmes. It further charged that at the date of the power Holmes was a minor, and that the defendants, Wright, Rourk, and the school trustees, hold the land under conveyances from Adsit,

with notice of the plaintiff's rights. It further charged that the power of attorney was a nullity because obtained by fraud, and because of the minority of Holmes; and it averred that if any sale was made by him to Adsit of the land warrant, it was in fact made before the warrant was issued, that it was therefore null by force of the act of Congress, and that consequently Adsit held and located the warrant as a trustee for Holmes, and that the purchasers from him were chargeable with the same trust.

The prayer of the bill was that Adsit might be decreed to have acquired the lands in trust for Holmes; that the other defendants might be decreed to have purchased them, and to hold them charged with the same trust; that an account should be directed, and also a conveyance, to the plaintiff as assignee of Holmes. There was also a prayer for general relief.

The answer of Adsit denied the fraud charged, and averred that he purchased the land warrant from Holmes, without any agreement to act as his agent; and the other defendants set up that they were *bonâ fide* purchasers from Adsit, without notice of any equity in Holmes.

The court in which the bill had been filed entered a decree against Adsit for $6829, and dismissed the bill as to the other defendants. Adsit then appealed to the Supreme Court of the State, where the decree against him was reversed, and the bill dismissed as to him, *for want of jurisdiction.* From that decree Smith, the complainant, appealed to this court, under an assumption that the case came within the 25th section of the Judiciary Act of 1789, or the act of February 5th, 1867, amendatory of it, and that a title, right or privilege under a statute of the United States, had been specially set up and claimed by him and decided against by the Supreme Court of the State.*

*Mr. George Payson, for the defendant in error,* adverting to the fact that the bill had been dismissed as to Adsit, in the

---

* For the exact language of the acts referred to, and in the main sufficiently familiar to the profession, see Appendix.

Supreme Court, *for want of jurisdiction,* now moved the court to dismiss the writ in this court, because it nowhere appeared in the record that the decision of the court below was against any statute of the United States specially set up by the complainant, but, on the contrary, that the record, so far as it showed anything, showed that the decree had been based on independent grounds.

*Mr. W. T. Burgess, contra, against the dismissal:*

The injury sustained springs from the violation of an act of Congress. This act lies at the foundation of the whole case made. The relief must be applied for, in the first instance, in a State court having, under the laws of the State, jurisdiction to grant it, and it has been denied by the Supreme Court of the State when it ought to have been allowed. Now the case at bar upon all these questions is so clearly within the jurisdiction imposed upon this court, that it needs only to be stated to be seen.

Mr. Justice STRONG, having stated the case, delivered the opinion of the court.

A decree was entered in the State court where the bill was filed, against Adsit for $6829, and the bill dismissed as to the other defendants. He then appealed to the Supreme Court of the State, where the decree against him was reversed, and the bill was dismissed as to him, as the record shows, for want of jurisdiction.

In view of this we do not perceive that we have any authority to review the judgment of the State court. Plainly, if there be any Federal question in the case it is because the plaintiff claimed some title, right, privilege, or immunity under the act of Congress to which reference was made in his bill, and because the decision of the court was against the title, right, privilege, or immunity thus set up or claimed. Such a claim and such a decision must appear in the record. But we think this does not appear. It must be admitted that the question whether the sale of the land warrant by Holmes to Adsit, if made before the warrant issued, as

charged in the bill, was not a nullity, may have been pre-sented, but it does not appear that such a question was de-cided, much less that it was decided adversely to the plaintiff in error. Nothing is more certain than that to give this court jurisdiction to review the judgment of a State court, the record must show, either expressly or by necessary in-tendment, not only that a Federal question was raised, but that it was decided adversely to the party who has caused the case to be removed here.

The doctrine was plainly stated in *Crowell v. Randell*,* and it has been repeated in numerous later decisions. Indeed it is the express requirement of the twenty-fifth section of the Judiciary Act, and of the act of February 14th, 1867. And the rulings of this court have gone further. In *Par-melee v. Lawrence*,† it was said it must appear that the ques-tion must have been necessarily involved in the decision, and that the State court could not have given a judgment without deciding it. In *Williams v. Norris*,‡ it was held not to be enough that the construction of an act of Congress was drawn in question, and that the decision was against the title of the party, but that it must also appear that the title depended on that act. And in *Rector v. Ashley*,§ it was laid down that if the judgment of the State court can be sus-tained on other grounds than those which are of Federal cognizance, this court will not revise it, though a Federal question may also have been decided therein, and decided erroneously. These decisions go much further than is nec-essary to sustain our judgment now.

As we have seen, the bill was dismissed for want of juris-diction. The judgment of the court respecting the extent of its equitable jurisdiction is, of course, not reviewable here. The record does not inform us what other questions, if any, were decided. It nowhere appears that the sale from Holmes to Adsit was ruled to be valid, notwithstanding the act of Congress which declared that sales of bounty-rights, made or executed prior to the issue of land warrants there-

---

* 10 Peters, 368.  † 11 Wallace, 36.
‡ 12 Wheaton, 117.  § 6 Wallace, 142.

for, shall be null and void. Nor was it necessary to the decree that was entered that such a decision should have been made. After the land had been sold by Adsit to *bonâ fide* purchasers without notice, which had been decreed in the court below, from which decree there was no appeal—after it had thus been settled that there was no continuing trust in the land—it may well have been determined that the plaintiff's remedy against Adsit was at law, and not in equity, even if the sale from Holmes to him was utterly void. But whatever may have been the reasons for the decision, whether the court had jurisdiction of the case or not, is a question exclusively for the judgment of the State court.

We need not pursue the subject further. It is enough that it does not appear the claim of the plaintiff, that the sale of Holmes to Adsit was a nullity because of the act of Congress, was necessarily involved in the decision, or that the sale was decided to be valid, or that the same decree would not have been made if the invalidity of the sale had been acknowledged.

WRIT DISMISSED.